DANIEL G. BOGDEN
United States Attorney
BRIAN PUGH
SARAH E. GRISWOLD
Assistant United States Attorneys
333 Las Vegas Blvd., S., Suite 5000
Las Vegas, Nevada 89101
(702) 388-6050

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
## -oOo-

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 2:08-cr-0172-RLH-PAL |
| | ) | |
| PLAINTIFF, | ) | JOINT MOTION TO CORRECT |
| | ) | DEFENDANT'S SENTENCE |
| VS. | ) | |
| | ) | |
| DAICY VARGAS, | ) | |
| | ) | |
| DEFENDANT. | ) | |

THE UNITED STATES OF AMERICA, by and through Daniel G. Bogden, United States Attorney, District of Nevada, and Brian Pugh, Assistant United States Attorney, and DAICY VARGAS, by and through attorney Jonathan L. Powell, pursuant to F.R.Crim.P. 35(a) file this Joint Motion to Correct Defendant's Sentence. The parties recommend that this Court remove from its sentence of defendant the requirement that she pay restitution and as grounds therefore states as follows:

1.     On December 15, 2011, this Court sentenced defendant.

2.     This Court ordered that defendant pay $17,000,000 in restitution, jointly and severally with her coconspirators.

3.     Restitution is mandatory when authorized under Title 18, United States Code, Sections 1593, 2248, 2259, 2264, 2327, 3663, or 3663A, or Title 21, United States Code,

Section 853(q).  *USSG § 5E1.1(a)(1)*.  None of those sections require restitution for the crime of Misprision of a Felony, Title 18, United States Code, Section 4.

4.　　United States Sentencing Guideline section 5E1.1(a)(2) authorizes the court to make restitution a term of probation "if the offense is not an offense for which restitution is authorized under 18 U.S.C. § 3663(a)(1) but otherwise meets the criteria for an order or restitution under that section." *USSG § 5E1.1(a)(2)*.

5.　　Title 18, United States Code, Section 3663(a)(3) states, "The court **may** also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement. *18 U.S.C. § 3663(a)(3) (emphasis added)*.  Hence,  restitution is discretionary.

6.　　The parties agreed to restitution in the plea agreement.  The agreement left determination of the amount of restitution to the court.  The fact section of the plea agreement stated that the losses suffered by banks at the time defendant entered the plea totaled more than $17,000,000.  U.S. Probation used this figure in recommending that defendant pay restitution of $17,000,000.  Based upon the recommendation of Probation, this Court ordered defendant to pay restitution in an amount of $17,000,000.  However, the losses were not $17,000,000; rather they were more than $17,000,000.

7.　　After sentencing, the clerk's office requested that the government provide a restitution list identifying the victims and the amount owed to each. Since the time of sentencing in this case and the trial of *U.S. v. Grimm, et. al.*, case number 2:08-cr-0064-RLH-GWF, the FBI has been working on determining the current total loss figure.  To date, the loss figure has risen to more than $52,000,000 and the FBI has not finished calculating.  There are additional transactions the FBI is researching.  The process is complicated and has prolonged the completion of the sentencing process as the clerk's office waits upon the government for a restitution list to attach to the judgment.  In no instance, would the restitution list come to a total of exactly $17,000,000.

8.　　Title 18, United States Code, Section 3663(a)(1)(B)(ii) states:

2

> To the extent that the court determines that the complication and prolongation of the sentencing process resulting from fashioning of an order of restitution under this section outweighs the need to provide restitution to any victims, the court may decline to make such an order.

*18 U.S.C. § 3663(a)(1)(B)(ii).*

        9.     Defendant was seventeen years old and a single mother of one child when Steven Grimm recruited her to assist in his mortgage fraud scheme. Defendant is now a single mother of two children working a low income job. It is unlikely that any restitution she could pay when distributed pro rata will make a significant dent in the more than $52,000,000 restitution owed to victims.

        WHEREFORE, the parties request that this Court remove the restitution provision of defendant's sentence on the basis that "the complication and prolongation of the sentencing process resulting from fashioning of an order of restitution under this section outweighs the need to provide restitution to any victims."

        Submitted this 17th day of January 2012.

DANIEL G. BOGDEN
United States Attorney


/s/ Brian Pugh
BRIAN PUGH
Assistant United States Attorney


/s/ Jonathan L. Powell
JONATHAN L. POWELL
Attorney for defendant Daicy Vargas

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**

**DATED: January 23, 2012**